PER CURIAM.
 

 Appellant pled no contest to driving while his license was canceled, suspended, or revoked (DWLSR) — third conviction. He had no agreement with or offer from the State on a sentence. He normally would have faced a maximum sentence of five years in prison for the third-degree felony.
 
 See
 
 §§ 322.34(2)(c), 775.082(3)(d), Fla. Stat. (2009). But because his score-sheet reflected only 10.7 sentence points, the presumptive maximum sentence pursuant to section 775.082(10), Florida Statutes, was a nonstate prison sanction. As permitted by the statute, the trial court found that Appellant could pose a danger to the public if a nonstate prison sanction were imposed, and sentenced Appellant to 30 months in prison with 32 days’ credit for time served. Appellant argues on appeal that the court’s written findings are insufficient to satisfy section 775.082(10), and that the court improperly used his prior DWLSR convictions to justify the prison sentence.
 

 “A sentencing error may not be raised on appeal unless the alleged error has been first brought to the attention of the lower tribunal: (1) at the time of sentencing; or (2) by motion pursuant to Florida Rule of Criminal Procedure 3.800(b).” Fla. R. App. P. 9.140(e).
 
 See
 
 Fla. R. Crim. P. 3.800(b) (permitting a motion to correct
 
 any
 
 sentencing error to be filed before or pending appeal). Appellant concedes he did not argue at sentencing that the trial court could not consider his prior record in determining whether a nonstate prison
 
 *52
 
 sanction is appropriate. And the record does not reflect that Appellant raised either the trial court’s reliance on his prior record or the adequacy of the court’s written findings in a rule 3.800(b) motion. Thus Appellant preserved neither issue for appeal. Accordingly, we affirm the sentence.
 

 AFFIRMED.
 

 PADOVANO, ROBERTS, and MARSTILLER, JJ., concur.